IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BILLY AND DEBBIE PILLOW                                                                PLAINTIFFS

v.                                         No. 2:06CV00182 GH

AVERITT EXPRESS, INC. AND
RUSSELL DUCK                                                                            DEFENDANTS

**ORDER**

Pending before the Court is the October 20th motion of Mitsui Sumitomo Insurance Company to intervene to protect its subrogation interest pursuant to the Arkansas Worker's Compensation Act. Plaintiffs filed an objection on October 30th admitting that Mitsui has an interest and a right to intervene, but denies that the right is unconditional since their counsel has stated that he will agree to protect the subrogation rights to the extent that they are entitled to same under Arkansas law so disposition will not impair or impede protection of its interest. On November 7th, intervenor filed a reply that it does have an unconditional right to intervene and while plaintiffs may have offered to protect its subrogation rights, no contractual relationship has been entered whereby plaintiffs would be under an obligation and/or duty to protect those subrogation rights and interests.

Ark. Code Ann. §11-9-410(a)(1)(A) provides that "[t]he making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his or her dependents, to make a claim or maintain an action in court against any third party for the injury, but the employer or the employer's carrier shall be entitled to reasonable notice and opportunity to join in the action."

Moreover, Northwest Arkansas Area Agency on Aging v. Golmon, 70 Ark.App. 136,139-140, 15 S.W.3d 363, 366 (Ark.App. 2000), states, in part:

> While a party may intervene to enforce his interest under section 11-9-410 as a matter of right, the intervention must nonetheless be timely. See Bank of Quitman v. Phillips, 270 Ark. 53, 603 S.W.2d 450 (1980). It is also clear that a party who does not intervene to assert his rights under section 11-9-410 waives those rights. See John Garner Meats v. Ault, 38 Ark.App. 111, 828 S.W.2d 866 (1992).

Under these circumstances, the Court finds that the October 20th motion (#9) of Mitsui Sumitomo Insurance Company to intervene should be, and it is hereby, granted. A copy of this order is to be served on counsel for Mitsui.

IT IS SO ORDERED this 9th day of November, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE